## Reed's Estate (No. 2).

*Wills—Annuities—Arrearages—Accumulations.*

Where a testatrix directs that out of the net income of the residue of her estate there shall be paid to a son eight thousand dollars per annum for life, and after his death the annuity is to be paid to his children in equal shares for a period specified, and it appears from a proper construction of the will that arrearages of income in any one year was to be made up out of income in subsequent years in excess of eight thousand dollars, any excess of income after the son's death over eight thousand dollars per annum, and applicable to the payment of arrearages, goes to the son's personal representatives and not to his children to whom the annuity survived.

Submitted April 24, 1912. Appeal, No. 160, Jan. T., 1912, by Thomas M. Hemphill, Guardian of Aaron Manning Reed, from decree of O. C. Erie Co., Feb. T., 1911, No. 44, dismissing exceptions to auditor's report in Estate of Harriet W. Reed, deceased. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions    to report of Joseph M. Force, Esq., auditor. Before BENSON, P. J.

The facts are stated in the report of Reed's Estate (No. 1), 236 Pa. 572.

*Error assigned* was decree dismissing exceptions to auditor's report.

*J. R. Haughney* and *C. F. Haughney,* for appellant.

*Frank Gunnison, Henry E. Fish, W. Pitt Gifford* and *A. O. Chapin,* for appellees.

OPINION BY MR. JUSTICE STEWART, May 22, 1912:

It follows from what we have said in the appeal of

Charles M. Reed to No. 161, January Term, 1912, in the same estate, 236 Pa. 572, that the right in Lloyd G. Reed to $8,000 out of the income from the trust fund was a vested right in him. The right to receive arrearages due on this annuity was no less vested. This right passed upon the death of Lloyd G. to his personal representatives. Now that the income from the trust estate has proved sufficient to pay the arrearages in part, the fund so applicable must be distributed to them, rather than to the children of Lloyd G. to whom the annuity survives. There was no error in the court so ordering. The appeal is dismissed, and the decree is affirmed.